IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL RINALDI, A/K/A RAMADAN,** : | |
| : | |
| Petitioner : | CIVIL NO. 1:CV-12-01062 |
| : | |
| v. : | (Judge Rambo) |
| : | |
| **WARDEN J.E. THOMAS,** : | |
| : | |
| Respondent : | |

## M E M O R A N D U M

Petitioner Michael Rinaldi, a/k/a Ramadan ("Ramadan"),[1] an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, presumably challenging his conviction in the United States District Court for the Middle District of Pennsylvania.[2] (Doc. 1.) Ramadan proceeds *pro se* and has filed an application to proceed *in forma pauperis*. (Doc. 4.) This matter is before the

---

[1] The docket in this case indicates that the Clerk of Court contacted USP-Lewisburg officials to confirm Petitioner's name as "Ramadan," and it was learned that no prisoner named "Ramadan" is housed at that institution. (Court-only docket entry dated June 5, 2012.) However, as is made clear in the petition, *see infra*, Ramadan is claiming that he is not Michael Rinaldi, despite being labeled as such. (*See* Doc. 1.)

[2] In his petition, Ramadan does not name the court that convicted him of the crimes for which he is incarcerated. However, in two cases previously filed in this court by Michael Rinaldi, he states that he was sentenced by the Honorable Edwin Kosik in this court, the United States District Court for the Middle District of Pennsylvania. *See Rinaldi v. Rios*, 1:10-CV-00281 (2010) (Rambo, J.); *Rinaldi v. Sniezek*, 1:08-CV-00679 (2008) (Rambo, J.).

court for screening. *See* 28 U.S.C. § 2243. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.     Background**

In his petition, Ramadan states that he is "being held to answer for a judgement entered against Michael Rinaldi, Register # 09590-067." (Doc. 1 at 3.) He further asserts that he is not Michael Rinaldi, but he is "being forced to answer to and for Michael Rinaldi." (*Id.*) He claims that "[t]here is no valid judgement against Ramadan and his detention and confinement is illegal." (*Id.*) The court construes these allegations as a challenge to his conviction in the United States District Court for the Middle District of Pennsylvania. *See supra* note 2, at 1.

**II.    Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

2

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). *See also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999); *Snead v. Warden, F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000). The § 2255 motion must be filed in the district court where the defendant was convicted and sentenced. *See* 28 U.S.C. § 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir.

3

2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." *Cradle*, 290 F.3d at 538 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Ramadan is challenging the legality of his detention by questioning the validity of his conviction and sentence. Specifically, he contends that he has mistakenly been identified as Michael Rinaldi, and thus has been forced into incarceration pursuant to Michael Rinaldi's conviction. While it is not clear if Ramadan has a conviction in any court under the name Ramadan, clearly he is

challenging the conviction under the name of Michael Rinaldi. And, regardless of whether Ramadan is or is not in fact Michael Rinaldi, he is nevertheless challenging the legality of his confinement. In making these claims, however, Ramadan does not assert that he first sought relief in the sentencing court.

Clearly, Ramadan has not demonstrated that the remedy under § 2255 would be inadequate or ineffective to test the legality of his detention. It does not appear that he filed a direct appeal or a § 2255 motion in the sentencing court. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

Of course, dismissal has no effect on Ramadan's right to file a § 2255 motion in the Middle District of Pennsylvania. As noted above, there is no jurisdictional bar to such a motion. Further, § 2255 imposes a one-year statute of limitations on § 2255 motions. 28 U.S.C. § 2255(f). In pertinent part, the limitations period begins to run from "the date on which the judgment of conviction becomes final." *Id*. Therefore, Ramadan has one year from the date on which his conviction was final in order to file a § 2255 motion in the sentencing court.

**III.    Conclusion**

Based on the foregoing discussion, Ramadan's petition for writ of habeas corpus pursuant to § 2241 will be dismissed for lack of jurisdiction.

An appropriate order will issue.

                s/Sylvia H. Rambo
                United States District Judge

Dated: July 3, 2012.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL RINALDI, A/K/A** :
**RAMADAN,** :
  :
    **Petitioner** : CIVIL NO. 1:CV-12–01062
  :
**v.** : (Judge Rambo)
  :
**WARDEN J.E. THOMAS,** :
  :
    **Respondent** :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED** for the sole purpose of filing the petition.

2) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

3) The Clerk of Court is directed to **CLOSE** this case.

                                  s/Sylvia H. Rambo
                                  United States District Judge

Dated: July 3, 2012.